UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMANDA M. CALI,

                Plaintiff,                  22-cv-00942

     v.

ALEJANDRO N. MAYORKAS, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY

                Defendant.

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### ARGUMENT

### POINT I

### CALI RELIES ON OVERRULED CASELAW IN STATING THE STANDARD OF REVIEW APPLICABLE ON THIS MOTION

It cannot be disputed that the standard of review governing Rule 12(b)(6) motions is the "plausibility" standard set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  See Cullen v. Verizon Commc'ns, No. 14-CV-464S, 2014 WL 6627494, at *1 (W.D.N.Y. Nov. 21, 2014) (Skretny, C.J.).  While Plaintiff Amanda Cali ("Cali") does cite to Iqbal and Twombly in her brief (Dkt. # 14, pp. 2-3), she also relies upon pre-2007 Supreme Court precedent such as Scheuer v. Rhodes, 416 U.S. 232 (1974) and Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).[1]  Dkt. # 14, pp. 2-3.  Both Scheuer and

---

[1] Swierkiewicz is still good law to the extent that it held that a plaintiff in an employment discrimination case does not have to plead a prima facia case.  See Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (holding that Swierkiewicz has been overruled to the extent it relied on pre-Twombly pleading standards but acknowledging that

Swierkiewicz rely upon the "no set of facts" test set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Scheuer, 416 U.S. at 236; Swierkiewicz, 534 U.S. at 507. However, it is well-settled that the Conley test is no longer applicable. Iqbal, 556 U.S. at 670 ("*Twombly* retired the *Conley* no-set-of-facts test."). Accordingly, Cali's statement of the standard of review should be rejected to the extent that it relies upon pre-2007 pleading standards.

Cali also argues that the Government incorrectly stated the standard of review set forth in Iqbal claiming that there is no "two-step analysis" required, that the Government's formulation of the plausibility standard "would arbitrarily raise the standard of review," and that "it must be ignored." Dkt. # 14, p. 5. However, this Court has specifically construed Iqbal as creating a "two-step analysis" when evaluating complaints under the plausibility standard. Tracy v. NVR, Inc., No. 04-CV-6541L, 2009 WL 3153150, at *2 (W.D.N.Y. Sept. 30, 2009), report and recommendation adopted as modified, 667 F. Supp. 2d 244 (W.D.N.Y. 2009).[2] Accordingly, Cali's argument should be rejected.

---

Twombly specifically approved of Swierkiewicz's holding that a prima facie case need not be pled). Notably, the Government does not take issue with Cali's contention that she need not plead a prima facie case. Indeed, the Government's principal brief clearly states that Cali "is not required to plead a prima facie case …." Dkt. # 12-1, p. 6.

[2] Other district courts in this Circuit have agreed with that approach. Pichardo v. Hoyt Transportation Corp., No. 17-CV-3196 (DLI), 2018 WL 2074160, at *3 (E.D.N.Y. Jan. 31, 2018) (citing Iqbal and Twombly) ("courts engage in a two-step analysis."); Brown v. The City of New York, No. 09 CIV.2337(RJH), 2010 WL 4077925, at *1 (S.D.N.Y. Oct. 13, 2010) (citing Iqbal) ("Courts may employ a two-step analysis for evaluating the sufficiency of a complaint.").

## POINT II

## CALI ADMITS THAT THE 2010 ALLEGATIONS ARE NOT ACTIONABLE

Cali acknowledges that the 2010 allegations contained in her Amended Complaint are not actionable. Dkt. # 14, pp. 5-6. Accordingly, the Government's request to dismiss Cali's claims to the extent they are based on such allegations has been rendered moot.[3]

## POINT III

## CALI HAS FAILED TO STATE A DISPARATE TREATMENT CLAIM

Cali argues that this Court's decision in Kennedy v. Bernhardt, No. 18-CV-647 (JLS), 2020 WL 7399050, at *7 (W.D.N.Y. Dec. 16, 2020) does not support the Government's argument because allegedly the Court's decision "contradicts Defendant's claim as this matter was dismissed not for asserting sexual harassment claims as disparate treatment, but rather a failure to allege 'materially adverse changes in the terms or conditions of employment.'" Dkt. # 14, p. 7. Plaintiff's position is meritless. The Government's argument, in its principal memorandum, was made under the subtitle of "Adverse Employment Action." Dkt. # 12-1,

---

[3] Cali claims that her untimely 2010 allegations can be used as "background evidence" in support of her timely claims. Dkt. # 14, p. 6. However, from her own allegations, the 2010 incidents involved a different work station (Texas as opposed to New York), a different alleged harasser, and occurred ten years before the relevant incident. Accordingly, in the unlikely event that Cali's claims survive this motion, the Government will seek to exclude such "background evidence" at the summary judgment stage. See e.g., Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., LP, No. 18-CV-783-BBC, 2021 WL 664929, at *14 (W.D. Wis. Feb. 19, 2021), aff'd sub nom. Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P., 46 F.4th 587 (7th Cir. 2022) (holding that background evidence that was unrelated and remote from timely claims would not be considered at summary judgment). Also, in the unlikely event that Cali's claims survive until trial, the Government will bring an appropriate motion *in limine* to exclude such evidence. See e.g., Belvin v. Electchester Mgmt., LLC, No. 17CV6303NGGMMH, 2022 WL 10586743, at *5 (E.D.N.Y. Oct. 18, 2022) (excluding background evidence relating to 20-year-old statements of a former manager because those statements "would confuse the issues and the jury in a manner that substantially outweighs the limited probative value ….").

p. 7. And the Government specifically argued that Cali's disparate treatment claim fails, like in Kennedy, because "Cali did not allege any personnel decision that could form the basis for an adverse employment action …." Dkt. # 12-1, p. 9. Thus, the Government's position here is based on the exact same principle as the ruling in Kennedy.

Moreover, Cali does not dispute – nor could she – that the circumstances of this case and Kennedy are virtually identical. In both cases, the disparate treatment claim was based entirely on hostile work environment allegations with no accompanying adverse employment action alleged. Cf. Kennedy, 2020 WL 7399050, at *6 (the plaintiff in Kennedy alleged that "Defendant's actions or, more precisely, inactions, together with Grube's harassing conduct inflicted on Plaintiff, created a change in Plaintiff's conditions of employment that was 'more disruptive than a mere convenience.'") with Dkt. # 10, ¶¶ 53-55 (alleging that "Plaintiff was sexually harassed in 2020 by Dellavilla when he attempted to kiss her," "Plaintiff made complaints about the harassment," and "No disciplinary action was taken against Dellavilla by Defendant."). Thus, Kennedy requires dismissal of Cali's disparate treatment claim.[4]

Cali also argues that she has alleged an adverse employment action by virtue of her assertion in the Amended Complaint that (i) she allegedly took paid leave until she ran out of leave; and (ii) the Government allegedly denied Cali the ability "to use leave other than her paid time off," i.e.: paid administrative leave. Dkt. # 14, p. 7. Cali argues that her use of leave and the Government's alleged denial of paid administrative leave constitute "material

---

[4] The fact that the Government characterized its argument as a case where a plaintiff is improperly disguising a hostile work environment claim as a duplicative disparate treatment claim in no way differentiates this case from Kennedy. Indeed, undersigned counsel was also the Government's counsel in Kennedy and he asserted the exact same argument in that case as is asserted here. Kennedy v. Bernhardt, No. 18-CV-647 (JLS), Dkt. # 6, pp. 12-13. Furthermore, the Government's characterization of Cali's pleading is accurate: Cali is improperly trying to get two bites at the apple by asserting her duplicative disparate treatment claim which is based on nothing more than harassment allegations.

loss[es] to" Cali that qualify as adverse employment actions. Dkt. # 14, p. 7. This argument fails for three reasons. First, Cali does not allege in the Amended Complaint that the leave issues constituted an adverse employment action for purposes of her disparate treatment claim. Rather, she alleges in her disparate treatment claim that the adverse employment action is (i) the harassment by Della Villa and/or (ii) the alleged lack of any "disciplinary action" against Della Villa. Dkt. # 10, ¶¶ 53-55. Importantly, Cali alleges the leave issues, as well as other actions, as alleged "adverse actions" in support of her retaliation claim. Dkt. # 10, ¶ 63. Thus, Cali could have, but apparently chose not to, allege that such actions constituted an adverse employment action for purposes of her disparate treatment claim. Because "[i]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss," In re Bystolic Antitr. Litig., 583 F.Supp.3d 455, 489 (S.D.N.Y. 2022), Cali's argument should be rejected. Second, even if the Court could consider her allegations, her claim would fail with respect to her contention that she used all of her leave time because ***Cali's action*** in choosing to take leave cannot qualify as an adverse employment action. Rather, she must allege that her employer, the Government, took action against her. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015) (holding that a plaintiff must "plausibly allege that (1) the ***employer took*** adverse action against [her].") (emphasis added). Third, even if the Court could consider the allegations, the Government's alleged denial of paid administrative leave does not qualify as an adverse employment action. Smith v. City of New York, 385 F. Supp. 3d 323, 336 (S.D.N.Y. 2019) ("Numerous courts in this District have held that denial of administrative leave is not an adverse employment action,

even when the denial causes the employee to use allotted sick days.").[5] Accordingly, Cali's disparate treatment claim must be dismissed.

Lastly, Cali relies on Brightman v. Prison Health Serv., Inc., No. 05CV3820(SLT)(VVP), 2007 WL 1029031, at *1 (E.D.N.Y. Mar. 30, 2007). Dkt. # 14, p. 8. However, Brightman is inapposite. The Court in Brightman did not address the issue before this Court: whether a disparate treatment claim can be based entirely on hostile work environment allegations with no accompanying adverse employment action. Indeed, the Brightman Court did not address disparate treatment at all. Rather, the Court determined whether plaintiff's hostile work environment and retaliation claims were timely under the continuous violation doctrine. Id. at * 3-4. The Court also ruled on whether plaintiff stated a claim for hostile work environment or retaliation. Id. at * 5-7. Thus, Brightman has no application here.

## POINT IV

## CALI'S SINGLE INCIDENT HARASSMENT CLAIM MUST BE DISMISSED

Cali makes several arguments in an effort to save her hostile work environment claim. However, tellingly, Cali does not cite to any case that holds that a single attempted kiss from a co-worker is enough to satisfy the severe or pervasive element. Indeed, single incident claims pass muster only if the single incident is "extraordinarily severe." Cruz v. Coach

---

[5] See also Krishnapillai v. Donahoe, No. 09-CV-1022 NGG SMG, 2013 WL 5423724, at *10 (E.D.N.Y. Sept. 26, 2013) ("the denial of administrative leave—in favor of allowed sick leave—does not impact the terms or conditions of employment and therefore is not an adverse employment action"); Porter v. Donahoe, 962 F. Supp. 2d 491, 499 (E.D.N.Y. 2013) (holding that "the rejection of [plaintiff's] requests for leave on the terms he demanded[,] either administrative, or leave without pay ... instead of sick leave and annual leave," did not constitute an adverse employment action); Weber v. City of New York, 973 F. Supp. 2d 227, 252 (E.D.N.Y. 2013) (denial of time off is not an adverse employment action).

Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000), superseded by statute on other grounds, Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85.  Cali's claim based on a single attempted kiss fails this test.

Cali first argues that, since Harris states that "Title VII comes into play before the harassing conduct leads to a nervous breakdown," Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993), and Cali alleges psychological harm from the incident, that her claim is sufficient to meet the severe or pervasive test. Dkt. # 14, p. 9.  However, while the effect of a work environment on an employee's psychological well-being is relevant, the severe and pervasive element also requires conduct that is "severe or pervasive enough to create an *objectively* hostile or abusive work environment—an environment that a *reasonable person* would find hostile or abusive." Harris, 510 U.S. 17, 21-23 (emphasis added).  Thus, the objective component is central to the severe or pervasive element.  Accordingly, the mere allegation of psychological harm or a "nervous breakdown" is not enough to satisfy the severe or pervasive element.  Wilson v. N.Y.P. Holdings, Inc., No. 05 CIV.10355 LTSDFE, 2009 WL 873206, at *28 (S.D.N.Y. Mar. 31, 2009) (rejecting hostile work environment claim despite allegation of a nervous breakdown); Forts v. City of New York Dep't of Correction, No. 00 CIV.1716 LTS FM, 2003 WL 21279439, at *3-7 (S.D.N.Y. June 4, 2003) (same).

Plaintiff next argues that the Second Circuit's decision in Redd v. New York Div. of Parole, 678 F.3d 166, 177 (2d Cir. 2012) requires the denial of the Government's motion. Dkt. # 14, pp. 10-11.  The Court in Redd, in pertinent part, stated "when the physical contact surpasses what (if it were consensual) might be expected between friendly coworkers ... it becomes increasingly difficult to write the conduct off as a pedestrian annoyance." Redd, 678 F.3d at 177 (original italicized) (citation omitted).  Cali argues that the attempted kiss was not

consensual here and, therefore, this is enough to satisfy the severe or pervasive element. Dkt. # 14, pp. 11-12.  Cali's argument is meritless.  A plaintiff's lack of consent is not sufficient. Rather, she must, as set forth above, also show that the work environment was objectively hostile to a reasonable person, which Cali has failed to do.  Harris, 510 U.S. 17, 21-23.

Cali next distinguishes Chenette v. Kenneth Cole Prods., Inc., 345 F. App'x 615, 617 (2d Cir. 2009) (summary order), cited by the Government, because the relevant discussion relied upon by the Government is contained under a section entitled "Retaliation."  Dkt. # 14, p. 11.  The Government acknowledges that the quotation it relied upon is contained in a section entitled "Retaliation."  Chenette, 345 F. App'x at 619.  However, the Second Circuit held, with respect to the single kiss incident alleged, that " '[n]o reasonable person could have believed that [a] single incident' of sexually inappropriate behavior by a co-worker could amount to sexual harassment."  Chenette, 345 F. App'x at 619 (quoting Clark County School Dist. v. Breeden, 532 U.S. 268, 271 (2001)).  Thus, regardless of the section heading, the Court was ruling on the plaintiff's sexual harassment claim.  Indeed, the case Chenette quoted, Clark, was a sexual harassment case.  Clark, 532 U.S. at 270.  Accordingly, this Court should rely on the holding and reasoning in Chenette.

Cali next argues that the Second Circuit's decision in Cook v. New York City Dep't of Educ., 90 F. App'x 562, 563 (2d Cir. 2004) (summary order) actually supports her case. Dkt. # 14, p. 11.  She argues that, since Cook states that "very serious" isolated incidents can be enough to satisfy the severe or pervasive element, and she has "established the severity of the incident", Cook actually supports her position.  Dkt. # 14, p. 11.  Cali's argument is again meritless.  First of all, Cali has not "established the severity" of the single attempted kiss incident. Rather, Cali has not even cited to a single case to support her position.  Moreover,

8

Cook's statement of general law applicable to sexual harassment claims does not support Cali's case since Cook rejected a sexual harassment claim based on a single "attempted [] kiss [] on the mouth." Id. at 563. Cali's failure to reckon with the actual holding in Cook is telling.

Cali contends that the Second Circuit's decision in Carter v. State of New York, 151 F. App'x 40, 41 (2d Cir. 2005) (summary order) is inapposite because the Court ruled on "pervasiveness" rather than "severity." Dkt. # 14, p. 11-12. This is incorrect. The Court in Carter specifically held that "[t]he conduct alleged in this case was not 'sufficiently severe or pervasive' to support a claim of hostile work environment under Title VII." Carter, 151 F. App'x at 41. Moreover, since a plaintiff may prove that the harassment was either severe *or* pervasive, the Court in Carter necessarily found that plaintiff failed on both counts in dismissing the claim. Dillon v. Ned Mgmt., Inc., 85 F. Supp. 3d 639, 655 (E.D.N.Y. 2015) ("The standard is disjunctive."). Also, importantly, Cali's failure to contend with the Court's holding that three kisses was insufficient to establish a hostile work environment claim is telling.

With respect to Sutton v. New York City Transit Auth., No. 02-CV-1441 RRM JO, 2009 WL 5092989, at *6 (E.D.N.Y. Sept. 30, 2009), Cali attempts to distinguish this case arguing again that the Court only ruled on pervasiveness. This is incorrect as the Court clearly ruled on severity as well: "Although Sardisco's conduct—particularly the unwanted kiss—was inappropriate, it did not constitute 'pervasive' or 'severe' conduct under the standards applicable to Title VII sexual harassment claims." Sutton, 2009 WL 5092989, at *6. Once again, Cali's failure to contend with the facts of Sutton betrays the weakness of her position.

Lastly, Cali relies upon Scott v. City of New York Dep't of Correction, 641 F. Supp. 2d 211, 225–27 (S.D.N.Y. 2009) (Report and Recommendation adopted by district judge),

9

aff'd sub nom. Scott v. New York City Dep't of Correction, 445 F. App'x 389 (2d Cir. 2011) and claims that it supports her request that the Government's motion be denied. Dkt. # 14, p. 12. However, Scott is easily distinguishable. Scott involved a meeting between plaintiff and a union official. During the meeting, plaintiff alleged that the union president twice "put his tongue in [plaintiff's] mouth," and told her to "take off your clothes and put on your uniform right now in front of me." These actions occurred in the context of a union meeting where the plaintiff was seeking the union's assistance in defense of disciplinary charges. Thus, Scott is distinguishable because it involved much more severe conduct than that alleged here. Also, the harassment in Scott occurred in a context where there was a power imbalance between the harasser and the plaintiff such that a reasonable jury could conclude that it "materially altered the conditions of Scott's union membership." Scott, 641 F. Supp. 2d at 226. By contrast here, there was no such power dynamic between Cali and Della Villa. Accordingly, the single attempted kiss by a co-worker could not have, as a matter of law, altered the terms and conditions of her employment.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be granted.

DATED: Buffalo, New York, May 1, 2023

                                                                                TRINI E. ROSS
                                                                                United States Attorney

BY:    s/MICHAEL S. CERRONE
        Assistant U.S. Attorney
        U.S. Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5851
        michael.cerrone@usdoj.gov